```
              UNITED STATES DISTRICT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Robert Arias

    v.                                    Civil No. 17-cv-516-SM

U.S. Government et al.[1]


**REPORT AND RECOMMENDATION**

Plaintiff Robert Arias has filed a complaint (Doc. No. 1), asserting that his federal constitutional rights were violated during his September 8, 2016 arrest by United States Drug Enforcement Agency ("DEA") agents.  The matter is here for preliminary review to determine, among other things, whether the complaint asserts any claim upon which relief might be granted.  See 28 U.S.C. §§ 1915(e)(2), 1915A(a); LR 4.3(d)(1).


**Preliminary Review Standard**

The court conducts a preliminary review of prisoner complaints filed in forma pauperis.  See LR 4.3(d)(1); see also 28 U.S.C. §§ 1915(e)(2), 1915A.  In conducting its preliminary review, the court construes pro se complaints liberally.  See

---

[1] Plaintiff has identified, as defendants to this action: the United States government, the United States Drug Enforcement Agency ("DEA"), and DEA Agents: Day, whose first name is unknown ("FNU"); Noah Herzon; Juan Infante; FNU Garcia; Ty Kurcharski; and FNU Bernard.

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The court then determines whether, so construed, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); LR 4.3(d)(1)(A).

## Background

On September 8, 2016, Robert Arias was arrested by DEA agents. Arias alleges that, in the process of placing him under arrest, the agents forcefully removed him from the car in which he was sitting, and proceeded to assault him by kicking and punching him, while restraining him on the ground. Arias alleges that he did not resist the agents' instructions or his arrest, and that the assault was without justification. Arias states that as a result, he has suffered physical and emotional injuries.

**Discussion**

## I. Claims Asserted Against Individual DEA Agents

Arias has stated sufficient facts to warrant service of this action upon the individual DEA agent defendants, as to the following claims, under Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971):

> 1. The individual DEA agents involved in plaintiff's September 8, 2016 arrest exerted excessive force against plaintiff during the arrest, in violation of plaintiff's Fourth and Fifth Amendment rights.
>
> 2. The individual DEA agents involved in plaintiff's September 8, 2016 arrested failed to protect plaintiff from harm arising from the excessive force exerted upon plaintiff by the other DEA agents present, in violation of plaintiff's Fourth and Fifth Amendment rights.

In an Order issued simultaneously with this Report and Recommendation, the court directs service of these claims upon the individual DEA agent defendants in this action.

## II. Other Constitutional Claims

### A. Fourteenth Amendment

Due process claims asserted against individuals acting under the color of federal law arise under the Fifth Amendment. The Fourteenth Amendment extends the Fifth Amendment's due process protections to the states. As the defendants in this case are alleged to have acted under federal law, rather than state law, no Fourteenth Amendment claim arises from the facts Arias has alleged. The district judge should therefore dismiss the

Fourteenth Amendment claims from this action.

### B. Eighth Amendment

The Eighth Amendment protects convicted individuals from cruel and unusual punishment.  Arias's claims arise out of his arrest, during which he was not a convicted prisoner.  Accordingly, the Eighth Amendment did not at that time afford him protection, and the district judge should dismiss Arias's Eighth Amendment claims.

### III. Claims Against the United States and the DEA

"'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'"  Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999) (quoting FDIC v. Meyer, 510 U.S. 471, 475 (1994)).  "[T]he United States has not waived sovereign immunity in suits claiming constitutional torts." Truman v. Armstrong, No. 2:17-cv-00004-DBH, 2017 WL 3448542, at *5 (D. Me. Aug. 11, 2017) (internal quotation marks, alterations, and citation omitted), R&R adopted, 2017 WL 3820945, at *1 (D. Me. Aug. 31, 2017), appeal filed, No. 18-1095 (1st Cir. Feb. 1, 2018).  Accordingly, Arias's constitutional claims are not cognizable against the United States or the DEA, a federal agency.  The district judge should dismiss the claims asserted

against the United States per se and its agency, the DEA, and those defendants should be dropped from this action.²

## Conclusion

For the foregoing reasons, the district judge should dismiss Arias's Eighth and Fourteenth Amendment claims, and all of the federal constitutional claims asserted against the United States government and the DEA, and the United States and DEA should be dropped as defendants in this action. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 7, 2018
cc: Robert Arias, pro se

---

²It does not appear that Arias is attempting to assert any claims under the Federal Tort Claims ACT, to which the United States would be the appropriate defendant.