# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

Robert Arias

   v.                                        Case No. 17-cv-516-SM
                                              Opinion No. 2019 DNH 200

U.S. Government et al.

**O R D E R**

Before the court is plaintiff Robert Arias's motion to appoint counsel (Doc. No. 35). The defendants have notified the court that they take no position on the motion. See Defs.' Nov. 13, 2019 Resp. (Doc. No. 36).

"There is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.3d 15, 23 (1st Cir. 1991). Indeed, the statute authorizing the appointment of counsel in civil cases filed in forma pauperis, 28 U.S.C. § 1915(e)(1), does not authorize the court to compel counsel to accept a pro bono appointment. This court may deny a motion to appoint counsel for an indigent plaintiff in a civil case unless there are "exceptional circumstances present such that a denial of counsel [would be] likely to result in fundamental unfairness impinging on his due process rights." Id.; see also 28 U.S.C. § 1915(e)(1). "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia,

on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers, 949 F.2d at 24.

In support of his motion, Arias asserts that he can neither read, write, nor speak English, and that he must rely on the assistance he receives from other inmates to help him prepare written materials to litigate this case.  Arias has now advised the court that he has recently been transferred and is now housed at a private prison facility where the overwhelming majority of inmates are "immigrants who barely speak, read or write English."  Nov. 4, 2019 Pl.'s Mot. Appoint. Counsel (Doc. No. 35, at 2).

The court notes that, without the assistance of a Spanish-English interpreter, Arias was unable to participate in court conferences.[1]  The court cannot rule out the possibility that Arias's failure to propound discovery requests and to respond to the defendants' motion for summary judgment (Doc. No. 27), is the result of his inability to communicate in English.  Because this case is one in which Arias and the defendants are relying on very different versions of the facts, if Arias is unable to seek discovery or to respond to the summary judgment motion, he

---

[1]The court has authorized funds for an interpreter to be present at the last two hearings in this case and anticipates doing so for any future hearing scheduled in this matter.

will likely be unable to litigate any meritorious claims he may have in this matter.

The court finds, therefore, that the totality of Arias's situation demonstrates that the interests of justice and judicial economy would be served if counsel were appointed to represent Arias in this matter. Therefore, the court grants Arias's motion for the appointment of counsel (Doc. No. 35), subject to the condition that the court, on or before February 3, 2020, is able to find suitable counsel willing to represent Arias in this matter. Accordingly, the court issues the following order in this case:

1. Arias's motion for court-appointed counsel (Doc. No. 35) is GRANTED, conditioned on this court's ability to identify suitable counsel willing to represent Arias in this matter.

2. The court directs the clerk's office to attempt to find counsel willing to represent Arias pro bono, pursuant to its ordinary procedures.

3. Prospective appointed counsel shall be notified that:

a. No funds would be available to pay counsel's fees and costs in this case, except that counsel may seek payment for expert expenses, including the use of an interpreter to allow counsel to communicate with Arias, not to exceed $5000.00, if counsel determines that, in his or her professional opinion, such expert and/or interpreter services are needed to litigate plaintiff's claims;

b. Counsel is free to decline the court's request to appear in this matter without consequences; and

c. Counsel, upon request, may have thirty days to review documents and contact plaintiff before

notifying the court as to whether or not she or he will accept the appointment.

4. Upon request of prospective counsel, the clerk's office shall forward to counsel a copy of the docket sheet in this matter and any other documents identified by counsel that have been filed in this case, including:

- the Complaint (Doc. No. 1);
- the May 7, 2018 Report and Recommendation (Doc. No. 8) and Order (Doc. No. 9);
- the May 18, 2018 Objection (Doc. No. 11);
- the May 22, 2018 Order (Doc. No. 14);
- the July 27, 2018 Answer (Doc. No. 18);
- the November 26, 2018 Order (Doc. No. 25);
- the July 16, 2019 Motion for Summary Judgment (with attachments) (Doc. No. 27);
- the October 11, 2019 Order (Doc. No. 33); and
- the plaintiff's Motion to Appoint Counsel (Doc. No. 35) and the defendants' response (Doc. No. 36) thereto.

5. The clerk's office will notify plaintiff by February 3, 2020 whether suitable counsel willing to accept a pro bono appointment has been located.

## Conclusion

For the foregoing reasons, Arias's motion for court-appointed counsel (Doc. No. 35) is GRANTED, subject to the conditions set forth in this Order.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

December 2, 2019

cc: Robert Arias, pro se
    Michael T. McCormack, Esq.

4